**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark A. Plenty,<br><br>  Plaintiff,<br><br>vs.<br><br>Collectcorp,<br><br>  Defendant. | No. CV-06-705-PHX-LOA<br><br>**ORDER** |

      This is the time set for the Rule 16(b), FED.R.CIV.P. Scheduling Conference. Plaintiff is *pro se* and present. Defendant is represented by counsel, Jay A. Zweig, and student law clerk, Flynn Carey. Court reporter, David Lee, is present.

      Discussion is held with Plaintiff and defense counsel. The Court advises Plaintiff that although *pro se* pleadings may be held to less stringent standards than those prepared by attorneys, Rand v. Rowland, 154 F.3d 952, 957 (9th Cir.1998)(citing Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)), pro se litigants must "abide by the rules of the court in which [s]he litigates." Carter v. Commissioner of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986). The United States Supreme Court has made clear: federal "judges have no obligation to act as counsel or paralegal to pro se litigants" because requiring trial judges to explain the details of federal procedure or act as the pro se's counsel "would undermine district judges' [or magistrate judges'] role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 124 S.Ct 2441, 2446 (2004).

1  The parties are advised that the undersigned is willing to consider conducting a
2  settlement conference in this case if all parties consent or refer the matter to another
3  magistrate judge provided sufficient discovery has been conducted, including the deposition
4  of Plaintiff, to fairly delineate the various claims and defenses asserted herein.

5  All parties have heretofore consented to magistrate judge jurisdiction pursuant
6  to 28 U.S.C. §636(c). (docket # 10 and # 16)  Pursuant to the parties' discussions with the
7  Court today and their stipulations in their Rule 26(f) Joint Case Management Report (docket
8  # 20), filed on July 3, 2006, as their proposed case management plan, the Court will set the
9  various deadlines for the judicial management of this case.

10  **IT IS ORDERED** that the parties, by and through their counsel, shall comply with
11  the following deadlines.  Stipulations extending the time for the doing of any act required by
12  the Court or the Rules of Civil Procedure will be treated as a joint motion subject to Court
13  approval. See, LRCiv. 7.3; Gestetner Corp. v. Case Equipment Company, 108 F.R.D. 138 (D.
14  Maine 1985)(good cause not shown to amend scheduling order);  Janicki Logging Co. v.
15  Mateer, 42 F.3d 561, 566 (9th Cir.1994)("Federal Rule of Civil Procedure 16 is to be taken
16  seriously"). Continuances of these deadlines may be granted only upon a showing of good
17  cause and by leave of the assigned trial judge. Settlement negotiations, however, do not
18  constitute good cause.

19  1. The parties shall exchange their initial disclosures pursuant to Rule 26(a)(1)
20  on or before **July 28, 2006.**

21  2. Filing motions to amend pleadings and motions to join additional parties by
22  **July 28, 2006.**[1]

---

[1] Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir.1992) (once scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the Rule 15(a) standard). In Coleman v. Quaker Oats Company, 232 F.3d 1271, 1294 (9th Cir. 2000), the Ninth Circuit stated:
> Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure

- 2 -

1    2.  Because the Court believes that staggered expert disclosure is more fair and will less likely result in requests for a modification of these deadlines, Plaintiff's disclosure of expert witness(es), expert testimony and report(s) required under Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by **December 29, 2006.**  Defendant's disclosure of expert witness(es), expert testimony and report(s) required under Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by **February 28, 2007.**  Plaintiff's disclosure of true rebuttal expert witness(es), expert testimony and report(s) solely to contradict or rebut evidence as required under Rule 26(a)(2)(C), Fed.R.Civ.P. shall be made by **March 30, 2007**.

Each testifying expert witness (regardless of whether such expert witness has or has not been specifically retained for this case, such as, a treating physician, or if the expert is an employee of the calling party) shall provide a written report to the adverse party as required by Rule 26(a)(2)(B). See, Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd., 177 F.R.D. 459 (D. Minn. 1998).

No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition.  See, Wong v. Regents of the University of California, 379 F.3d. 1097 (9th Cir., 2004); Rule 37(c)(1), FED.R.CIV.P.

3. Disclosure of all known witnesses, exhibits and other matters under Rule 26(a)(3), Fed.R.Civ. P., and supplementation of all discovery pursuant to Rule 26(e), Fed.R.Civ. P., by **April 27, 2007**.

4.  Completion of all discovery: **May 31,  2007**.

---

16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.

- 3 -

1                5. Filing dispositive motions on or before **June 29, 2007**. No party may file more than one dispositive motion, which may include multiple parts provided it does not exceed 17 pages in length, without prior leave of the Court for good cause shown. LRCiv 7.2(e).

           The parties are hereby advised that the Court has various audio/visual equipment available for use at an evidentiary hearing or trial at no cost to the Bar.  This equipment includes an evidence presentation system, which consists of a document camera, digital projector, and screen.  The projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer.  The document camera may be used to display documents, photographs, charts, transparencies, and small objects.  For further information please contact the Court's A/V Specialist, Brian Lalley at (602) 322-7131.

           **IT IS FURTHER ORDERED** that the Court may set an another Rule 16(b) Scheduling Conference after the Court's ruling on all dispositive motions; after completion of all discovery, if no dispositive motion is timely filed; or upon written request from any party to discuss the setting of a jury trial and all issues related thereto, i.e. the length and times of trial, motions in *limine*, Daubert hearings, etc.  The parties shall bring their calendars with them to this conference.

           **IT IS FURTHER ORDERED** that since this case will likely be tried to the Court,[2] rather than to a jury, in addition to filing a Proposed Joint Final Pretrial Order, each party shall submit proposed findings of fact and conclusions of law in concise with separately numbered paragraphs by the same date the Proposed Joint Final Pretrial Order is due.  These proposed findings of fact and conclusions of law shall be submitted in both written form and on an IBM-compatible computer disk in WordPerfect® 9.0 format or

---

[2] None of the parties requested a jury trial in either the Amended Complaint or Answer or timely demanded a jury trial. Rule 38(d), FED.R.CIV.P.; Lutz v. Glendale Union High School, 403 F.3d 1061 (9th Cir. 2005). Unless a motion requesting a jury trial is filed within 10 days of today's date, any trial in this matter will be to the Court, not a jury.

- 4 -

1  emailed to this chambers email box at Anderson_Chambers@azd.uscourts.gov in
2  WordPerfect format.[3]

3  **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of
4  the possibility of settlement and should settlement be reached, the parties shall immediately
5  file a Notice of Settlement with the Clerk of the Court with a copy to this Court's chambers.
6  LRCiv 40.2(d).  This Court views compliance with the provisions of this Order as critical to
7  its case management responsibilities and the responsibilities of the parties under Rule 1 of
8  the Federal Rules of Civil Procedure.

9  **IT IS FURTHER ORDERED** that all parties shall comply with the Rules of
10 Practice for the United States District Court for the District of Arizona ("LRCiv or
11 LRCrim"), as amended on December 1, 2005, and the Standards for Professional Conduct
12 for attorneys and *pro se* litigants practicing in this federal court.  The District Court's
13 Rules of Practice and the subject Standards may be found on the District Court's internet
14 web page at www.azd.uscourts.gov/.

15 The parties are advised that when sufficient information has been disclosed
16 between the parties to fairly appreciate and evaluate the strengths and weaknesses of the
17 claims and defenses alleged in this case, a settlement conference before another U.S.
18 magistrate judge may be requested. Delay in requesting, scheduling or concluding a
19 settlement conference or settlement negotiations do not constitute good cause to continue or
20 extend the deadlines set herein.

21 DATED this 11th day of July, 2006.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

---

[3] A federal judge's email box is available for providing courtesy copies of pleading and proposed orders. It is not to be used as a means of communicating to the judge or judge's staff.

- 5 -