1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Mark A. Plenty,                    )    No. CV-06-705-PHX-LOA
                                        )
10          Plaintiff,                  )    **ORDER**
                                        )
11   vs.                                )
                                        )
12                                      )
     Collectcorp,                       )
13                                      )
            Defendant.                  )
14                                      )
     _____)
15

16          This matter arises on Plaintiff's request for a jury trial in a pleading titled "Motion

17   To Make Demand Or Request For A Jury Trial. (docket # 22) The subject Motion was

18   purportedly signed by the pro se Plaintiff on July 18, 2006 but not entered by the Clerk until

19   July 20, 2006. Defendant's Response opposes allowance of a jury trial in this case. (docket

20   # 25)  No Reply has been timely filed.

21                                **BACKGROUND**

22          The Court's file reflects that on March 13, 2006, Plaintiff filed his initial

23   Complaint, and on April 11, 2006 pursuant to court order, Plaintiff filed his Amended

24   Complaint, alleging claims of race discrimination and retaliation under Title VII of the 1964

25   Civil Rights Act in his former employment with Defendant Collectcorp.   Neither the

26   Complaint nor Amended Complaint makes a request for, or reference to, a jury trial.

27   Defendant's Answer, filed on May 16, 2006, likewise makes no request for, or reference to,

28   a jury trial.  In the parties' July 3, 2006 Joint Rule 26(f) Report, however, Plaintiff clearly

requested a jury trial. (docket # 20, p.12, ¶ XII)  At the July 11, 2006 Rule 16 scheduling conference, the Court briefly discussed with the parties whether a jury trial was an issue in the case and gave Plaintiff 10 days from that date to formally request a jury trial so the matter could be appropriately briefed. Additionally, notwithstanding his pro se status, the Court explained to Plaintiff on the record the importance of complying with the various rules of procedure and the Court's orders.  Moreover, in footnote 2 of its July 12, 2006 Scheduling Order, this Court put the following in writing to eliminate any confusion or uncertainty about the issue:

> None of the parties requested a jury trial in either the Amended Complaint or Answer or timely demanded a jury trial. See, Rule 38(d), FED.R.CIV.P.; Lutz v. Glendale Union High School, 403 F.3d 1061 (9th Cir. 2005). Unless a motion requesting a jury trial is filed within 10 days of today's date, any trial in this matter will be to the Court, not a jury.

(docket # 21at 4)

As Defendant points out in its opposition, Plaintiff's motion for jury trial was untimely filed even though timely in response the Court's Rule 16 scheduling order. Plaintiff's July 20, 2006 motion offers no explanation for his failure to timely demand a jury trial until over four months after filing this lawsuit or offer any reason why a jury should decide this case. Defendant argues that the Court should deny Plaintiff's request for a jury trial because the request was untimely made and no reason whatsoever has been offered by Plaintiff for his failure to timely request a jury trial.

Recognizing its obligation to indulge every reasonable presumption against the waiver of the fundamental right to a jury trial, Pradier v. Elespuru, 641 F.2d 808, 811 (9th Cir.1981), the Court finds that Plaintiff has waived his right to a jury trial and will deny Plaintiff's motion.

## **RIGHT TO A JURY TRIAL**

Rule 38(a) of the Federal Rules of Civil Procedure provides that the right to a jury trial, as guaranteed by the Seventh Amendment to the U.S. Constitution, is to be preserved inviolate.  Rule 38, FED.R.CIV.P., also provides, in relevant part:

> (b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any

time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

(d) Waiver. The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties. (Emphasis added)

The Seventh Amendment's right to a civil jury, however, is not absolute and may be waived if the request for a jury is not timely. LaMarca v. Turner, 995 F.2d 1526, 1544-45 (11th Cir.1993), cert. denied, 510 U.S. 1164 (1994); General Tire & Rubber Co. v. Watkins, 331 F.2d 192, 197 (4th Cir.1964), cert. denied, 377 U.S. 952 (1964). On the other hand, the Ninth Circuit, has stated long ago that "since 'a right to trial by jury is a constitutional one . . . (the court's) discretion is very narrowly limited,' and 'must, wherever possible be exercised to preserve jury trial' - yet the Rules of Civil Procedure mean something, and a limited judicial discretion must of necessity still exist." Pacific Queen Fisheries v. Atlas Assurance Company, 307 F.2d 700, 718-19 (9th Cir. 1962), cert. denied, 372 U.S. 907 (1963).

Federal Rule of Proc. 39(b)[1] gives the district court discretion to order a jury trial even when a party has waived his or her right to a jury trial under Rule 38(d). Raya v. Maryatt, 829 F.Supp. 1169, 1175 (N.D. Cal. 1993). That discretion is narrow, however, and does not permit a district court to grant relief when the failure to make a timely demand results from oversight or inadvertence. Id.; Lewis v. Time Inc., 710 F.2d 549, 556-57 (9th Cir.1983). An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown. Pacific Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd., 239 F.3d 1000, 1002 (9th Cir. 2001); Mardesich v. Marciel, 538 F.2d 848, 849 (9th Cir.1976); Russ

---

[1] Rule 39 (b) provides:

b) By the Court. Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

1   v. Standard Ins. Co., 120 F.3d 988, 989- 90 (9th Cir.1997) (holding that the district court

2   could not employ another rule to circumvent this circuit's prohibition on granting untimely

3   jury demands due to inadvertence); Kletzelman v. Capistrano Unified Sch. Dist., 91 F.3d 68,

4   71 (9th Cir.1996) (denying untimely jury demand due to counsel's oversight and

5   inadvertence); Wall v. Nat'l R.R. Passenger Corp., 718 F.2d 906, 910 (9th Cir.1983) (holding

6   district court's denial of untimely jury demand not an abuse of discretion where counsel's

7   inadvertence was the only reason shown); Rutledge v. Electric Hose & Rubber Co., 511 F.2d

8   668, 675 (9th Cir.1975) (the district court's discretion "should rarely be exercised to grant a

9   trial by jury in default of a proper request for it").  Unlike some circuits when dealing with

10  pro se litigants, the Ninth Circuit takes just as narrow a view of the discretion permitted by

11  Rule 39(b) as with parties represented by counsel. Zivkovic v. S.Cal Edison Co., 302 F.3d

12  1080, 1087 (9th Cir. 2002) (rejecting argument of a pro se plaintiff that untimely demand for

13  a jury trial should be excused because he filed his complaint pro se and was unaware of the

14  requirements of Rule 38(b)); Kulas v. Flores, 255 F.3d 780, 784 (9th Cir.2001) (holding that

15  a pro se plaintiff waived any right to a jury trial by failing to file a timely demand as required

16  by Fed.R.Civ.P. 38(b)); Raya, 829 F.Supp. at 1175 (pro se litigant alleging ADA

17  discrimination claim denied jury trial as untimely requested); contra,  Merritt v. Faulkner,

18  697 F.2d 761, 766-67 (7th Cir.1983), cert. denied, 464 U.S. 986 (1983).

19          This Court is mindful that the allegations of pro se litigants are held to less

20  stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,

21  92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nevertheless,  pro se litigants must "abide by the rules

22  of the court in which he litigates." Carter v. Commissioner of Internal Revenue, 784 F.2d

23  1006, 1008 (9th Cir. 1986). Plaintiff's timely request for a jury trial was due "no[] later than

24  10 days after the service of the last pleading directed to such issue" or on or before May 30,

25  2006[2] even giving Plaintiff the benefit of not counting weekends pursuant to Rule 6(a),

26

27          [2] Rule 7(a) defines what constitutes a pleading for purposes of Rule 38.  Burns v.

28  Lawther, 53 F.3d 1237, 1241 (11th Cir.1995). Rule 7(a) states:

1   FED.R.CIV.P.  The last pleading on the issue was Defendant's May 16, 2006 Answer. Thus,

2   Plaintiff's jury demand was untimely by nearly 5 weeks (May 16, 2006, the date Answer filed

3   to July 3, 2006, the date the Joint Rule 26(f) Report was filed).

4              The Court acknowledges that this issue is a closer one than one might

5   superficially believe. The Court is mindful that a trial date has not yet been set, discovery has

6   just begun and it is unlikely that Defendant would suffer any undue prejudice were the Court

7   to authorize a jury trial on all claims and defenses herein. Like the blindfolded Lady of

8   Justice, this Court must interpret the Rules of Procedure consistently without regard to which

9   party may be represented by counsel lest there be two de facto standards: one for cases

10  managed by lawyers and another standard for pro se litigants. Two standards for rules'

11  enforcement would be unfair to parties who have counsel and could lead to results

12  inconsistent with Rule 1 (The Rules "shall be construed and administered to secure the just,

13  speedy and inexpensive determination of every action."). Rule 1, FED.R.CIV.P. There is no

14  question but that all parties will receive a fair and just determination of the disputed issues

15  herein if there is a trial to a judge, rather than a jury, and a jury trial would likely cause the

16  trial of this matter to be longer and more expensive than a trial to a judge. As the Ninth

17  Circuit said over forty years ago in Pacific Queen Fisheries, the rules of civil procedure must

18  mean something. Thus, assuming Plaintiff made a "good faith mistake as to the deadline for

19  demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis

20  to grant relief from an untimely jury demand." Zivkovic, 302 F.3d at 1087.

21  / / /

22  / / /

23  / / /

24

25  _____

26      Pleadings. There shall be a complaint and an answer; a reply to a counterclaim
    denominated as such; an answer to a cross-claim ...; a third-party complaint ...; and

27  a third-party answer.... No other pleading shall be allowed, except that the court may
    order a reply to an answer or a third-party answer.

28

1    Accordingly,

2        **IT IS ORDERED** that Plaintiff's motion for jury trial (docket # 22) is **DENIED**.

3        **IT IS FURTHER ORDERED** that Plaintiff shall keep the Court advised of his

4    current address in compliance with Local Rule 83.3(d), LRCiv, Rules of Practice effective

5    December 1, 2005.

6        DATED this 7th day of August, 2006.

7

8    _____
                  Lawrence O. Anderson
9            United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28