**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark A. Plenty,<br><br>    Plaintiff,<br><br>vs.<br><br>Collectcorp,<br><br>    Defendant. | No. CV-06-705-PHX-LOA<br><br>**ORDER TO SHOW CAUSE** |

       This matter arises on the Court's review of the file. On August 31, 2006, the Court received two Orders which it had mailed to Plaintiff at his last known address marked "return to sender, vacant, unable to forward" and "return to sender; no such number, unable to forward". (docket #s 29 and 30)  On March 24, 2006, Plaintiff was mailed by the Clerk of the Court a copy of "Filing a Complaint in Your Own Behalf" which instructs the Plaintiff on page four, Section IV, Other Information, "that if you should change your address, LRCiv 83.3(d) requires that you file and serve a written notice of a change of address".

       On August 7, 2006, the Court ordered (docket # 27), that "Plaintiff shall keep the Court advised of his current address in compliance with Local Rule 83.3(d), LRCiv, Rules of Practice effective December 1, 2005". (docket #27 at 6)  It is clear the Court has previously instructed Plaintiff that he bears the responsibility of notifying the Court of any changes in his mailing address. Further, the undersigned's judicial assistant called the phone number on the docket listed for the Plaintiff on August 7, 2006 and left a message asking for a return call.  No

return call has been received from the Plaintiff by the undersigned's staff.  The court will order Plaintiff to supply the Court with his current address on or before September 29, 2006.

Further, the Court ordered (docket #28) Plaintiff to properly file a Notice of Service of Plaintiff's Initial Rule 26(a)(1) Disclosure Statement no later than 5:00 p.m. on August 21, 2006.  Plaintiff has failed to comply with this order.

**IT IS ORDERED** that Plaintiff shall supply the Court with his current address and  properly file a Notice of Service of Plaintiff's Initial Rule 26(a)(1) Disclosure Statement no later than **September 29, 2006** or  show cause in writing on or before **5:00 p.m. on September 29, 2006** why this matter should not be dismissed without prejudice in its entirety for Plaintiff's failure to comply with this Court's Order.   Absence good cause shown, the failure to timely comply with this Court's Orders or file a pleading showing cause as set forth herein may result in the dismissal without prejudice of this case in its entirety.

DATED this 18th day of September, 2006.

Lawrence O. Anderson
United States Magistrate Judge